08 CV 00516

| | |
|---|---|
| Amanda M. Fugazy (AF-6772) | Howard L. Balsam (HB-) |
| Paul P. Rooney (PR-0333) | THE LAW OFFICES OF HOWARD BALSAM |
| FUGAZY & ROONEY LLP | 122 East 42nd Street, Suite 1700 |
| 225 Broadway, 39th Floor | New York, New York 10168 |
| New York, NY 10007 | (212) 543-9999 |
| (516) 584-1642 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MICHAEL BALDO, WILLIAM CITRANO, JASON V. FERRANTE, CLARENCE GRIER, STEPHEN KATZ, JASON LIEBERMAN, FRANK LEON, PAUL LUCIDO, ERIC STAUFENBERG, ERIC TIMMONS, and NORMAN BABAT, on behalf of themselves and all others similarly situated,



**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

HOMEBRIDGE MORTGAGE BANKERS CORP., NICHOLAS BRATSAFOLIS, JORDAN HARRIS, JAMES CLOONEY, DAVID PANKIN, and JOHN DOES 1-10,

Defendant.
-----------------------------------------------------------------X

Plaintiffs Michael Baldo, William Citrano, Jason V. Ferrante, Clarence Grier, Stephen Katz, Frank Leon, Jason Lieberman, Paul Lucido, Eric Staufenberg, Eric Timmons, and Norman Babat, on behalf of themselves and all others similarly situated, allege as follows:

### SUMMARY

1. This is a collective and class action action seeking to recover unpaid compensation, liquidated damages, pre-judgment and post-judgment interest and reasonable attorneys' fees and costs relating to Defendants' willful violations of the Fair Labor Standards Act and the New York State Labor Law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiffs bring their claims in this Complaint under The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219 ("FLSA").

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiffs and Defendants.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs claims took place in New York, New York, which is encompassed within this judicial district. Specifically, Defendant Homebridge Mortgage Bankers Corp. ("Homebridge") employed Plaintiffs at 444 Madison Avenue, New York, New York (the "New York City Office") when it unlawfully failed to pay them overtime pay.

## PARTIES

5. Plaintiffs are individuals and were each employed as loan officers by Homebridge at its New York City Office.

6. Plaintiffs are employees as defined by §3(e) (1) of the FLSA, 29 U.S.C. §203(e)(1).

7. Plaintiffs reported to, and worked under, the supervision of Defendant Homebridge's management employees.

8. Plaintiffs' duties did not entail significant discretionary decision making or supervision of others.

9. Plaintiffs' primary duty was to sell loans over the telephone. These sales activities were conducted almost exclusively inside Defendant Homebridge's offices.

10. Potential borrowers are contacted directly by the Plaintiffs based on previously established leads.

11. Each Plaintiff's job was to obtain the information necessary to determine the potential borrower's credit-worthiness; calculate loan terms (rate and fees); sell the loan to the borrowers according to such terms; and send the legally required disclosures to the borrowers.

12. Plaintiffs did not have the discretion to offer loan terms other than those generated by the "rates" program or those that had been approved by Defendant Homebridge's management.

13. Because of their duties and nature of their positions, Plaintiffs and other Loan Officers did not fall within any of the exceptions to the minimum pay and overtime pay requirements of the FLSA and/or the New York State Labor Law.

14. The Plaintiffs' consents to sue under 29 U.S.C. § 216 are annexed to this Complaint.

15. Defendant Homebridge is a domestic business corporation organized under the laws of the State of New York and is authorized to provide, and does provide, business and mortgage lending services in New York from its New York City Offices.

16. At all relevant times, Homebridge has been, and continues to be, an "employer" under the Fair Labor Standards Act and the New York State Labor Law. Homebridge's business was, and is, engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

17. Upon information and belief, Defendant Nicholas Bratsafolis was at times relevant hereto a corporate officer of Homebridge who exercised sufficient control over Homebridge's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

18. Upon information and belief, Defendant Jordan Harris was at times relevant hereto a Corporate Officer of Homebridge who exercised sufficient control over Homebridge's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

19. Upon information and belief, Defendant James Clooney was at times relevant hereto a Corporate Officer of Homebridge who exercised sufficient control over Homebridge's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

20. Upon information and belief, Defendant David Pankin was at times relevant hereto a Corporate Officer of Homebridge who exercised sufficient control over Homebridge's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring Count I, as set forth below, as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all Loan Officers employed by Defendant Homebridge at its New York City location at 444 Madison Avenue, New York, New York, on or after the date that is three years before the filing of the Complaint in this case and, insofar as the statute of limitations is equitably tolled as a result of Defendants' failure to post required notices or otherwise inform Loan Officers including Plaintiffs of their rights under the FLSA, on behalf of those Loan Officers who were employed on or after the date that is six years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are

4

and have been subject to Defendants' decisions, policies, programs, practices, procedures, protocols, routines and rules that have resulted in Defendants willfully failing and refusing to pay them at the legally required wage of one and one half times their normal hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last known address known to Defendants.

24. Upon information and belief, Defendants failed to post notices required under state and federal law that inform Plaintiffs and other Loan Officers of their rights to overtime and Defendants failed to otherwise inform Plaintiffs of their rights under the FLSA and New York Labor Law.

25. As a result of Defendants' failure to post required notices and failure to otherwise inform Plaintiffs of their rights, the statute of limitations for Plaintiffs' claims under both the New York Labor Law and the FLSA was tolled until Plaintiffs learned of their rights to overtime pay, which occurred, upon information and belief, in December 2007 and January 2008.

### RULE 23 CLASS ALLEGATIONS – NEW YORK STATE CLAIMS

26. Plaintiffs bring the Second and Third Counts, as set forth below, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of themselves and all Loan Officers employed by Defendants at its New York City location on or after the date that is six years prior to the filing of the Complaint in this case (the "Class").

5

27. Plaintiffs are members of the class of persons Defendants wrongfully denied overtime and "spread of hours" pay.

28. Upon information and belief, the Class is so numerous that joinder of all members of this Class is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

29. There are questions of law and fact common to all members of the Class.

30. The claims of Plaintiffs as representative parties are typical of the claims of the Class.

31. Plaintiffs will fairly and adequately represent the interests of the Class.

32. A class action is superior to other methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual Class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done them.

33. The class members are readily ascertainable. The number and identity of the Class members are determinable from records of Defendants. The hours assigned and worked, the positions held and the rates of pay for each class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

34. The disposition of the class members' claims as a class will benefit the parties and the Court. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

35. All the Class members were subject to the same corporate practice of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' policies and practices in its New York City Office affected all Class members similarly and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

36. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interest antagonistic to the Class.

37. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented parties in wage and hour cases.

38. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class will result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

39.  Defendants violated the New York Labor Law with respect to the Class members. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

40.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

    a. Whether Defendants properly compensated Class members for overtime;

    b. Whether Defendants compensated the Class with the premium required under New York law when Class members' "spread of hours" in a workday exceeded ten hours.

## FACTS

41.  Defendants maintained a policy of requiring their Loan Officers, including Plaintiffs, to work in excess of forty hours per week and in excess of ten hours in a workday.

42.  Plaintiffs consistently and routinely worked in excess of forty hours per workweek.

43.  Plaintiffs were not compensated at one and one-half their normal hourly rate for hours that they worked in excess of forty per workweek.

44.  Plaintiffs frequently worked in excess of ten hours in a workday.

45. Plaintiffs were not paid New York's "spread of hours" premium on days that they worked in excess of 10 hours.

46. The position of Loan Officer does not fall within any exemption from the FLSA or New York State's requirements for overtime pay.

47. Defendant's failure to lawfully pay the Plaintiffs was willful.

### COUNT I: THE FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS
### (Brought by Plaintiffs on Behalf of themselves and the Collective Plaintiffs)

48. Plaintiff adopts by reference all preceding paragraphs of this Complaint.

49. Defendants' failure to pay Plaintiffs premium overtime pay for all hours worked over forty in any workweek violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

50. Defendants' violation of the Fair Labor Standards Act was willful.

51. Defendants are liable to Plaintiffs for premium overtime pay, plus liquidated damages in the amount of the overtime pay Defendants wrongfully withheld, pre-judgment and post-judgment interest, attorneys' fees, costs, disbursements, and expert witness fees.

### COUNT II: STATE LAW OVERTIME VIOLATIONS
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

52. Plaintiffs adopt by reference all preceding paragraphs of this Complaint.

53. Defendants' failure to pay premium overtime pay to Plaintiffs violated The New York Labor Law and its implementing regulations.

54. Defendants are liable to Plaintiffs for unpaid overtime pay, liquidated damages in the amount of 25 percent of the unpaid over time, pre-judgment and post-judgment interest, attorneys' fees, costs, disbursement and expert witness fees.

55. Plaintiffs bring this Count of their Complaint as a class action on behalf of all Loan Officers employed by Defendants at its New York City location on or after the date that is six years prior to the filing of the Complaint in this case.

56. If this Court certifies a class action under Fed. R. Civ. P. 23, Plaintiffs will waive their claims under The New York Labor Law for liquidated damages in the amount of twenty-five percent of the wrongfully withheld unpaid overtime pay that they are owed by Defendants.

### COUNT III: STATE LAW "SPREAD OF HOURS" VIOLATION
### (Brought by Plaintiffs of Behalf of Themselves and the Class)

57. Plaintiffs adopt by reference all proceeding paragraphs of this Complaint.

58. Plaintiffs regularly worked more than 10 hours in a workday.

59. Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

60. Defendant is liable to Plaintiff for unpaid "spread of hours" pay, pre-judgment and post-judgment interest, attorneys' fees, costs, disbursement and expert witness fees.

61. Plaintiffs brings this Count of their Complaint as a class action on behalf of all Loan Officers employed by Defendants at its New York City location on or after the date that is six years prior to the filing of the Complaint in this case (the "Class").

62. If this Court certifies a class action under Fed. R. Civ. P. 23, Plaintiffs will waive their claims under The New York Labor Law for liquidated damages in the amount of twenty-five percent of the wrongfully withheld "spread of hours" pay that they are owed by Defendants.

### JURY DEMAND

63. Plaintiffs demand trial by jury on all issues in this action.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief and pray that the Court:

A. Designate this action a collective action on behalf of the FLSA Collective Plaintiffs and promptly issue of notice under 29 U.S.C. § 216(b) to all similarly situated Loan Officers, apprising them of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms; and

B. Enter judgment in favor of Plaintiffs and all other similarly situated persons, on Count I of the Complaint, and award them: (1) unpaid overtime pay; (2) liquidated damages in an amount equal to the unpaid overtime pay; (3) attorneys' fees and disbursements; (4) costs; and (5) pre-judgment and post-judgment interest at the prevailing rate; and

C. Enter judgment in favor of Plaintiffs and/or the Class, on Count II of the Complaint, and award them and the Class: (1) unpaid overtime pay; (2) liquidated damages in the amount of 25 percent of the unpaid overtime (3) attorneys' fees and disbursements; (4) costs, and (5) pre-judgment and post-judgment interest at the prevailing rate; and

D. Enter judgment in favor of Plaintiffs and/or the Class, on Count III of the Complaint, and award them and the Class: (1) unpaid "spread of hours" pay; (2) liquidated damages in the amount of 25 percent of the "spread of hours" pay; (3) attorneys' fees and disbursements; (4) costs; and (5) pre-judgment and post-judgment interest at the prevailing rate.

Dated: January 18, 2008
       New York, New York

Respectfully submitted,

FUGAZY & ROONEY LLP

By: _____
   Amanda M. Fugazy (AF-6772)
   Paul P. Rooney (PR-0333)
225 Broadway, 39th Floor
New York, New York 10007
(212) 346-0570

Howard L. Balsam (HB- )
THE LAW OFFICES OF HOWARD BALSAM
122 East 42nd Street, Suite 1700
New York, New York 10168
(212) 543-9999

*Attorneys for Plaintiffs, Proposed Collective Action Members and Proposed Class*

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Michael Baldo_

Print Name: MICHAEL BALDO

Date Signed: 1/18/08

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Clarence Grier_

Print Name: Clarence Grier

Date Signed: 1/18/08

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: STEPHEN KATZ

Date Signed: 01/17/08

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _/s/ [signature]_

Print Name: FRANK LEON

Date Signed: 1/18/08

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, Jason Lieberman, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") in connection with the annexed civil complaint.

2. I worked as an hourly employee for Homebridge.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _____   (Date Signed) January 18, 2008
Print Name: Jason Lieberman

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: Paul Lucas

Date Signed: 1/17/08

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _/s/ Eric Staufenberg_

Print Name: _Eric Staufenberg_

Date Signed: _1/18/08_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Homebridge Mortgage Bankers Corp. in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this lawsuit.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: Eric D. Timmons

Date Signed: 1/18/08

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, Norman Babat, of 300 East 40th Street, New York, New York, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of Homebridge Mortgage Bankers Corp. or its affiliates or successors (collectively "Homebridge").

2. I worked as an employee for Homebridge.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate Paul P. Rooney, Esq., and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Norman Babat_ (Date Signed) _January 17, 2008_